UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT WAYNE ANNABEL, II,

        Plaintiff,

v.

JOSEPH NOVAK et al.,

        Defendants.

_____/

Case No. 1:19-cv-199

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Ryske.

## **Discussion**

### I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. At the time he

filed this suit, however, he was housed at the Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff sues four persons employed at ICF: Law Librarian Joseph Novak, Captain Kevin Woods, Lieutenant Shawn Ryske, and Deputy Warden John Christiansen.

Plaintiff alleges that on March 27, 2016, he submitted a kite[1] complaining about Defendant Novak. Plaintiff claims that such a kite is a necessary step in the grievance process. Plaintiff alleges that Novak responded by issuing a retaliatory threatening behavior misconduct report against Petitioner. Plaintiff notes that the misconduct report was quashed immediately upon review by Sergeant Kerr.

Four months later, Plaintiff sent Defendant Novak another kite requesting that Novak stop: (1) falsely accusing Plaintiff of failing to timely return library materials; and (2) other types of misconduct that Novak had committed over the previous several months. Novak responded by filing a misconduct report charging Plaintiff with insolence.

Defendant Woods found Plaintiff guilty of the insolence charge. Woods warned Plaintiff not to file any more such complaints against Novak. Defendant Christiansen disregarded a petition to quash the charge and denied Plaintiff's appeal of the misconduct guilt determination.

Plaintiff filed a grievance against Woods and Novak based on the allegedly retaliatory insolence misconduct finding. Defendant Ryske responded to the grievance and, according to Plaintiff, "repeated the threats." (Compl., ECF No. 1, PageID.5.) The only "threat" Plaintiff identifies, however, is the warning that Plaintiff should not file such complaints against Novak.

Plaintiff claims that Defendant Novak violated Plaintiff's First Amendment rights by filing retaliatory false misconduct reports in March and July, 2016. Plaintiff claims that Woods,

---

[1] A "kite" is "a written form issued by the MDOC that inmates use to communicate with corrections staff. *Hall v. Warren*, 443 F. App'x 99, 101 n.1 (6th Cir. 2011).

Ryske, and Christiansen acted in concert with Novak with respect to the July misconduct charge. Plaintiff notes that each Defendant participated in the adverse action.

Plaintiff seeks a declaratory ruling that Defendants violated Plaintiff's rights. He also seeks several thousand dollars from each Defendant in compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff claims that Defendants violated his First Amendment rights by retaliating against him for exercising those rights.

### III. First Amendment Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity)

4

(quoting *Pearson*, 471 F.3d at 741). Thus, it appears that Plaintiff's "kites" to Defendant Novak may be protected conduct.

Moreover, Plaintiff has alleged adverse action, at least with respect to Defendants Novak, Woods, and Christiansen. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

A specific threat of harm may satisfy the adverse-action requirement, *see, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542. A few days' loss of privileges—or even the prospect or threat of a few days' loss of privileges—may suffice to establish adverse action. *Maben*, 887 F.3d at 266-67. Because Plaintiff faced the prospect of losing privileges with respect to the March misconduct charge and, apparently, actually lost privileges with respect to the July misconduct charge, the Court cannot say at this juncture that the alleged adverse action was *de minimis*.

Finally, Plaintiff's allegations indicate that the purportedly false misconduct charges were not only prompted by the protected conduct, they were founded on the protected conduct. Plaintiff alleges that his March kite was the threatening behavior upon which the March misconduct charge is based and his July kite is the insolent behavior upon which the July misconduct charge is based. Therefore, Plaintiff has adequately alleged a causal link between the protected conduct—the kites—and the adverse action—the misconduct charges.

Defendants Novak, Woods, and Christiansen each played a direct role in imposing adverse action against Plaintiff specifically because of his protected conduct. The same is not true for Defendant Ryske. Plaintiff does not allege that Defendant Ryske played any role in the prosecution of the misconduct violation. Defendant Ryske only responded to a grievance wherein Plaintiff alleged he had been wrongly accused of insolence when he was simply exercising his First Amendment rights. Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Ryske engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Ryske will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claims against Defendants Novak, Woods, and Christiansen remain in the case.

An order consistent with this opinion will be entered.


Dated:   April 22, 2019              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE