UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II #414234,

        Plaintiff,                              Hon. Robert J. Jonker

v.                                          Case No. 1:19-cv-199

JOSEPH NOVAK, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 29).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

## BACKGROUND

Plaintiff initiated this action against three Michigan Department of Corrections (MDOC) employees: (1) Librarian Joseph Novak; (2) Captain Kevin Wood; and (3) Deputy Warden John Christiansen.   In his amended complaint, (ECF No. 27), Plaintiff alleges the following.

On April 10, 2016, Defendant Novak, seeking to retaliate against Plaintiff for filing a complaint against him, charged Plaintiff with "threatening behavior."   This charge was "so facially frivolous," however, that it was "quashed . . . immediately" by another MDOC official and was not pursued further.

-1-

On July 21, 2016, Plaintiff sent Defendant Novak a kite requesting that he stop falsely accusing Plaintiff of "having overdue [library] materials."   Plaintiff also detailed in this kite other instances of Novak's misconduct.   The following day, Defendant Novak charged Plaintiff with insolence based upon the content of Plaintiff's kite.   Defendant Wood found Plaintiff guilty of this charge and, furthermore, expressly warned Plaintiff to stop filing complaints and grievances against Novak.   Defendant Christiansen denied Plaintiff's subsequent appeal of this misconduct conviction.

Plaintiff alleges that Defendants Novak, Wood, and Christiansen all violated his First Amendment right to be free from unlawful retaliation.   Specifically, Plaintiff alleges that Defendant Novak charged him with threatening behavior and insolence for improper retaliatory reasons.   Plaintiff further alleges that Defendants Wood and Christiansen convicted him of insolence and affirmed such, respectively, for improper retaliatory reasons.

Defendants Novak, Wood, and Christiansen now move for partial summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies. Defendants do not challenge whether Plaintiff properly exhausted his claim that Defendant Novak charged him with threatening behavior for retaliatory reasons. Instead, Defendants argue that Plaintiff failed to properly exhaust his claims relating to his charge and conviction for insolence.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all
> that is required by the PLRA to 'properly exhaust.'   The level
> of detail necessary in a grievance to comply with the grievance
> procedures will vary from system to system and claim to claim,
> but it is the prison's requirements, and not the PLRA, that
> define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Pursuant to this Policy Directive, matters regarding "decisions made in hearings conducted by hearing officers" are non-grievable and, therefore, cannot be exhausted through the prison grievance process.   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ (F)(2) (effective July 9, 2007).   Instead, as the Sixth Circuit has held, to properly exhaust the claim that a misconduct charge was asserted for retaliatory reasons, the prisoner must assert the claim during the initial misconduct hearing.   *See Siggers v. Campbell*, 652 F.3d 681, 691-94 (6th Cir. 2011); *see also, Smith v. Goulet*, 2018 WL 3688468 at *2 (W.D. Mich., Aug. 3, 2018) (a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies).

In support of their motion for summary judgment, Defendants assert that Plaintiff "did not mention retaliation during [the] misconduct hearing" regarding his July 21, 2016 insolence charge.   (ECF No. 29, PageID.346-47).   In support of this argument, Defendants cite to a single item of evidence, a copy of the Hearing Report completed by Defendant Wood.   (ECF No. 29, PageID.347; ECF No. 29-4 at PageID.471).   This evidence is insufficient to grant Defendants the requested relief.

While the Hearing Report does not establish that Plaintiff *did* raise his retaliation claim during the hearing, neither does the Report demonstrate that Plaintiff *failed to do so*. Defendant has presented no evidence establishing that the hearing officer was generally obligated to, or did in this particular instance, record in the hearing report or investigation report every statement, assertion, defense, or claim made by Plaintiff. The Court also notes that, while Defendants could have secured an affidavit from Defendant Wood regarding this issue, they declined to do so. Finally, Plaintiff has submitted a sworn declaration in which he asserts that during the misconduct hearing he "argued that Joseph Novak wrote the insolence ticket in retaliation . . . ." (ECF No. 30-1 at PageID.517).

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Defendants have failed to meet their burden to obtain relief on exhaustion grounds. Accordingly, the undersigned recommends that Defendant's motion for summary judgment, (ECF No. 29), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 2, 2020                             /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge