UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II,

       Plaintiff,

CASE No. 1:19-CV-199

v.

HON. ROBERT J. JONKER

JOSEPH NOVAK, et al.,

       Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 38) and Defendant's Objections (ECF No. 41). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objection. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation, which recommends denying

Defendant's motion for summary judgment based on failure to exhaust (ECF No. 38), is factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. He properly found that Defendant failed to show the absence of a genuine issue as to material fact relating to Plaintiff's exhaustion of administration remedies relating to Plaintiff's July 2016 claims.[1] Implicitly invoking *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011), Defendants premise their objections primarily on Plaintiff's alleged failure to raise retaliation during the hearing on his misconduct ticket. The gist of their objection is that *Siggers* requires a prisoner to exhaust a retaliation claim based on a misconduct ticket during the misconduct hearing itself.[2]

The Magistrate Judge considered *Siggers* and found that Defendants had failed to satisfy their burden on summary judgment. The Court agrees. Defendants primarily base their assertion on the Hearing Report, completed by Defendant Wood, that stated Plaintiff did not mention retaliation during his misconduct hearing. But as the Magistrate Judge observed, this is

---

[1] Defendants have not moved for Summary Judgment on exhaustion grounds relating to Plaintiff's claims about the April 2016 misconduct ticket.

[2] Defendants' interpretation of *Siggers* may be overbroad. If the prisoner disputes the conduct the ticket alleges, it makes sense to require exhaustion during the hearing because the factual basis of the ticket is implicated. A retaliatory motive undermines the credibility of the officer's statement, which is usually the primary evidence in the case and is necessarily part of the hearing. But when the prisoner does not dispute the conduct charged in the ticket, but claims that the officer actually wrote the misconduct charge to retaliate, when he or she would not have written the ticket otherwise, *Siggers* may not require the prisoner to raise the issue in the misconduct proceeding. An earlier unpublished decision of the Sixth Circuit, *Reynolds-Bey v. Harris*, 428 F. App'x 493 (6th Cir. 2011), suggests the filing of retaliatory misconduct reports is a grievable issue under the MDOC policy directives. The Court need not press further on the issue here, however, because even if *Siggers* is read as broadly as Defendants suggest, as set out above there is a factual dispute about whether Defendant raised retaliation during the misconduct hearing that precludes summary judgment.

2

insufficient to grant Defendants' summary judgment because there is record evidence that creates a genuine issue of material fact about this. Plaintiff avers in Paragraph 11 of his Amended Complaint, which was signed under the penalty of perjury in compliance with 28 U.S.C. § 1746 that he argued during the hearing that the July 2016 insolence charge was retaliatory. (ECF No. 27, PageID.329). And in a sworn declaration, Plaintiff stated that "At the July 26, 2019, misconduct hearing conduct by [Defendant] Woods, I argued that [Defendant] Novack wrote the insolence ticket in retaliation[.]" (ECF No. 30-1, PageID.517). In their objections Defendants suggest there is reason to doubt the veracity of such a statement, however, these arguments do not demonstrate that no genuine issue of material fact remains that would entitle them to summary judgment.

The question remains whether the fact issues must be resolved by a jury, or whether an evidentiary hearing or bench trial would be appropriate. In their Objections Defendants request that if the Court finds that a factual issue remains—which it has—the Court order an evidentiary hearing, or bench trial, on the threshold issue of exhaustion, before the case proceeds to the merits. The Sixth Circuit Court of Appeals has determined that "disputed issues of fact regarding exhaustion under the PLRA present[] a matter of judicial administration that could be decided in a bench trial." *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). This includes credibility determinations. *Id.* at 680. This district has recognized and approved the procedure. *Jackson v. Coronado*, No. 2:18-cv-19, 2019 WL 3886541 (W.D. Mich. Aug. 19, 2010). The matter should be remanded to the Magistrate Judge to conduct an evidentiary hearing, or bench trial, and to file a Report and Recommendation to the District Judge on the disputed factual issue.

For all these reasons, the Court concludes the Defendants' motion must be denied, for the very reasons delineated by the Magistrate Judge.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 38) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Magistrate Judge for the purpose of conducting an evidentiary hearing, or bench trial, on the disputed issue of fact regarding exhaustion; and for submission of a Report and Recommendation to the District Judge on that issue.

Dated:    April 21, 2020           /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE