UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II #414234,

      Plaintiff,                          Hon. Robert J. Jonker

v.                                          Case No. 1:19-cv-199

JOSEPH NOVAK, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 100) and Plaintiff's Motion for Summary Judgment (ECF No. 103).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendants' motion be granted, and this matter terminated.

**BACKGROUND**

Plaintiff initiated this action against three Michigan Department of Corrections (MDOC) employees: (1) Librarian Joseph Novak; (2) Captain Kevin Wood; and (3) Deputy Warden John Christiansen.   In his amended complaint, (ECF No. 27), Plaintiff alleges the following.

On April 10, 2016, Defendant Novak, seeking to retaliate against Plaintiff for filing a complaint against him, charged Plaintiff with "threatening behavior."   But this

charge was "so facially frivolous" that it was "quashed . . . immediately" by another MDOC official and was not pursued further.

On July 21, 2016, Plaintiff sent Defendant Novak a kite requesting that he stop falsely accusing Plaintiff of "having overdue [library] materials." Plaintiff also detailed in this kite other instances of Novak's misconduct. The following day, Defendant Novak charged Plaintiff with insolence based upon the content of Plaintiff's kite. Defendant Wood found Plaintiff guilty of this charge and, furthermore, expressly warned Plaintiff to stop filing complaints and grievances against Novak. Defendant Christiansen denied Plaintiff's subsequent appeal of this misconduct conviction.

Plaintiff alleges that Defendants Novak, Wood, and Christiansen all violated his First Amendment right to be free from unlawful retaliation. Specifically, Plaintiff alleges that Defendant Novak charged him threatening behavior and insolence for improper retaliatory reasons. Plaintiff further alleges that Defendants Wood and Christiansen convicted him of insolence and affirmed such, respectively, for improper retaliatory reasons. Defendants now move for summary judgment. Plaintiff likewise moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can

satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . may not merely recite the incantation, 'Credibility,' and have

a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Plaintiff alleges that Defendants Novak, Wood, and Christiansen all violated his right to be free from unlawful retaliation.  To prevail on a retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.  *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).  Before addressing Plaintiff's specific claims against each Defendant, examination of the relevant factual background is first necessary.

Plaintiff testified that on April 8, 2016, he sent a kite to Defendant Novak.   (ECF No. 101-2 at PageID.817).   The kite Plaintiff sent to Novak read as follows:

> Your continual retaliation and harassment, which began in 2014 and has resumed upon my return to ICF, will only make it easier to prove my federal claims against [you] and cost the state more money to indemnify (sic) your damages.  You also assume that I'll never get out of ICF segregation, but for the last year I was not at ICF or in segregation, eventually you'll lose your power to harass me in segregation again.   I am entitled to 5 case laws 3 times per week in ad. Seg., and <u>all</u> these can be downloaded from Lexis, so you have no valid excuse.

(ECF No. 101-3 at PageID.821).

Novak interpreted Plaintiff's kite as "a threat involving a physical confrontation at some time in the future." (ECF No. 101-4 at PageID.823-24). Novak charged Plaintiff with a misconduct violation for threatening behavior because he "felt threatened." (*Id.* at PageID.824). Plaintiff was not convicted of this charge, however. This result was because Plaintiff had not been charged with the appropriate offense, not because his behavior was unworthy of sanction. As Defendant Christiansen explained, Plaintiff's kite "was not clearly threatening behavior." (ECF No. 101-8 at PageID.891). On the other hand, had Novak instead charged Plaintiff with insolence, Plaintiff would have been found guilty of the charge. (*Id.*).

On or about July 19, 2016, Plaintiff was notified that several library books he checked out were "overdue" and that "until those materials are returned to the library, the processing of your future request(s) may be delayed." (ECF No. 29-3 at PageID.394). On July 21, 2016, Plaintiff sent another kite to Defendant Novak which read as follows:

> You still insist on your retaliatory lies in your false overdue notice of July 19, 2016. You are a liar and you never sent me any of those materials to me, and the fact that I requested that 860 F.2d 328 again on 7/10/2016 3 of 3 proves it. I number and turn in 3 request each week only to learn from your clerks that you give them only one a other they don't see. Several other litigaters (sic) will witness in court that you do the same to them and I can show a long pattern of it. Where's your proof you send materials? I have my witnesses, including staff. Of a meager 5 items per week, you often retaliate by missing pages in case laws – your clerks don't do the printing, and I have that evidence also. Even inside the law library, you scream and threaten prisoners trying to do there (sic) work, kicking them out. Yup, many of those witnesses I have too. You even wrote me a ticket

-5-

> for a kite so frivolous on its face the reviewing Sgt. threw it in the trash. That's evidence too. You've already been sued in State Court, and what about those mandatory items you discarded? More evidence.

(ECF No. 29-4 at PageID.473).

In response to Plaintiff's screed, Defendant Novak charged Plaintiff with a misconduct violation for insolence. (ECF No. 29-4 at PageID.474). Plaintiff was convicted of this charge. (*Id.* at PageID.475). On July 26, 2016, Plaintiff wrote a "memorandum" to Defendant Christiansen stating this "this is the final attempt to confront your involvement with the persistent retaliation of law librarian Joseph Novak." (ECF No. 29-4 at PageID.476). Plaintiff informed Christiansen that if he failed to overturn his misconduct conviction such would constitute evidence of retaliation by Christiansen. (*Id.* at PageID.476-77). Christiansen declined to overturn Plaintiff's misconduct conviction. (*Id.* at PageID.478).

A. Defendant Novak

As noted above, Defendant Novak charged Plaintiff with two misconduct violations. Plaintiff alleges that Novak's actions constituted unlawful retaliation. Defendant Novak argues that he is entitled to summary judgment because Plaintiff was not engaged in protected conduct. The Court agrees.

There is no question that the First Amendment affords prisoners the right to file grievances regarding the conditions of their confinement. This right, however, protects only the filing of non-frivolous grievances. *See, e.g., Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Thus, an inmate "cannot immunize himself from adverse

administrative action by prison officials merely by filing a grievance or lawsuit and then claiming everything that happens to him is retaliatory." *Ibid.*

The two kites which Plaintiff submitted to Novak, and which form the basis of his retaliation claims, were frivolous and abusive. Neither kite represents a reasonable attempt to resolve a problem, but instead are nothing more than attempts by Plaintiff to intimidate and threaten Novak. Plaintiff enjoys no First Amendment right to threaten or intimidate prison staff. Thus, Plaintiff's kites do not qualify as protected conduct. *See, e.g., Maben*, 887 F.3d at 264 ("abusive or manipulative use of a grievance system would not be protected conduct"); *Medlock v. Trierweiler*, 2020 WL 2576157 at *4 (W.D. Mich., Mar. 9, 2020) (filing a grievance qualifies as protected conduct only if the grievance has merit); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (conduct which violates MDOC policy is not protected conduct).[1]

B.   Defendant Wood

Defendant Wood found Plaintiff guilty of insolence for the kite he sent to Defendant Novak on July 21, 2016. Plaintiff alleges that Wood found him guilty of this charge for improper retaliatory reasons. Plaintiff has failed, however, to identify the protected conduct which he alleges prompted Wood to retaliate against him.

To the extent Plaintiff alleges that his kite to Novak constituted the requisite protected conduct, his claim fails. As discussed above, Plaintiff's kite was frivolous and

---

[1] Plaintiff testified that he considered the kites in question to be a necessary part of the grievance process. (ECF No. 101-2 at PageID.818). In this context, therefore, the Court discerns no distinction between a kite and a prison grievance.

abusive and, therefore, did not constitute protected conduct. To the extent Plaintiff argues that his decision to challenge the misconduct charge constituted protected conduct, his claim likewise fails. Defendant Wood asserts in an affidavit that he found Plaintiff guilty of the insolence charge because "the language contained in the kite [to Novak] fit the definition of insolence." (ECF No. 101-10 at PageID.899). Given this unrefuted evidence, Plaintiff cannot demonstrate that Wood's actions were in any way related to any protected conduct in which he may have engaged.

C.     Defendant Christiansen

Plaintiff appealed his misconduct conviction to Defendant Christiansen who denied Plaintiff's appeal. Plaintiff alleges that Christiansen denied his appeal for improper retaliatory reasons. Plaintiff has failed, however, to identify the protected conduct which he alleges prompted Christiansen to retaliate against him.

To the extent Plaintiff alleges that his kite to Novak constituted the requisite protected conduct, his claim fails. As discussed above, Plaintiff's kite was frivolous and abusive and, therefore, did not constitute protected conduct. To the extent Plaintiff argues that his decision to appeal his misconduct conviction constituted protected conduct, his claim likewise fails. Defendant Christiansen asserts in an affidavit that he denied Plaintiff's appeal of the insolence conviction because the evidence supported this result. (ECF No. 101-8 at PageID.890). Given this unrefuted evidence, Plaintiff cannot demonstrate that Christiansen's actions were in any way related to any protected conduct in which he may have engaged.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 100) be granted; Plaintiff's Motion for Summary Judgment (ECF No. 103) be denied; and this matter terminated.

For the same reasons underlying these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 7, 2021                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge