UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II,

        Plaintiff,

                                              CASE No. 1:19-CV-199

v.

                                              HON. ROBERT J. JONKER

JOSEPH NOVAK, et al.,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

This is a prisoner civil rights lawsuit. On September 7, 2021, Magistrate Judge Green filed a Report and Recommendation that recommended the Court grant Defendants' motion for summary judgment on all remaining claims and dismiss this case. (ECF No. 117). Objections were due within 14 days after service of the report. The Report and Recommendation was mailed to plaintiff twice at the address plaintiff provided in his change of address notification of July 21, 2021 (ECF No. 113).[1] Both times, the envelope was returned to the Court with the notation, "Return to Sender. Not Deliverable as Addressed. Unable to Forward." The Clerk of Court attempted to contact plaintiff at the phone number listed on his change of address notification, but it was reported to be an incorrect phone number. On September 28, 2021, with no objections having been filed, the Court entered an Order and Judgment approving and adopting the Report and Recommendation. (ECF Nos. 120, 121).

On November 22, 2021, the Clerk of Court docketed a Motion for Reconsideration filed by plaintiff. (ECF No. 125). In his brief accompanying the motion, plaintiff says the address was

---

[1] This is reportedly the address where plaintiff was living after being placed on parole. The record reflects that plaintiff is currently lodged at the Macomb Correctional Facility. (ECF No. 128).

correct, but for unknown reasons the Report and Recommendation was returned to the Court. (ECF No. 126, PageID.1107-1108).  He asks the Court to vacate its Order adopting the report and recommendation and to consider his objections, which he attaches to his brief.  (ECF No. 126-2).

## PLAINTIFF'S MOTION FOR RECONSIDERATION

The Court construes the motion for reconsideration (ECF No. 125) as one seeking relief from judgment under Rule 60(b) and **GRANTS** the motion to the extent plaintiff seeks such relief. Under Rule 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding based on "mistake, accident, surprise, or excusable neglect."  Plaintiff does not dispute that the address on the two mailings that were returned to the Court was the one he provided to the Court on July 21, 2021, and only states that the mail did not go through for some unknown reason.  He faults the Court for failing to contact him at the phone number he provided the Court.  But even assuming the Court had such an obligation, the record reflects that the Clerk of Court did, in fact, attempt to contact plaintiff at the phone number he provided.  That number, however, was reported to be an incorrect number.  (ECF No. 120, PageID.1095).  The Court does not believe plaintiff has met his motion for reconsideration burden.  It is incumbent upon plaintiff, like all litigants, to keep the Court apprised of his contact information; his failure to do so does not, now, require the Court to reopen this closed case.

That said, out of an abundance of caution, and in the interests of rendering a decision on the merits, the Court will nevertheless vacate its September 28, 2021, Order adopting the Report and Recommendation, and proceed to review Plaintiff's objections. Based on a de novo review of the record, the Court finds no merit in Plaintiff's objections, and so the Court affirms its previous order adopting the Magistrate Judge's recommended disposition.

## PLAINTIFF'S OBJECTIONS FAIL ON A DE NOVO REVIEW

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 117) and Plaintiff's Objection to the Report and Recommendation (ECF No. 126-2). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

Plaintiff's Objection contains nothing that undermines the validity of the Report and Recommendation, and he fails to deal in a meaningful way with the Magistrate Judge's analysis. Plaintiff primarily reiterates arguments and conclusory statements he made in his original petition. The Report and Recommendation already carefully, thoroughly, and accurately addresses plaintiff's arguments and claims. Plaintiff does not engage the Report and Recommendation's analysis in any persuasive way. Plaintiff claims for example, that the Magistrate Judge applied

3

the incorrect standard of review.  He did not.  Indeed, the Magistrate Judge expressly recited the correct standards in his report (ECF No. 117, PageID.1086).  Plaintiff would ask the Magistrate to draw a different legal conclusion—that he was not insolent in his kites to Defendant Novak—but that is not what the summary standard requires.  Nothing in Plaintiff's Objections changes the fundamental analysis. The Court agrees with the Magistrate Judge's conclusion that the defense motion for summary judgment should be granted, for the very reasons the Report and Recommendation details.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. The Court's September 28, 2021 Order (ECF No. 120) is **VACATED.**

2. Plaintiff's Motion for Reconsideration (ECF No. 125) is **GRANTED** to the extent specified in this Order.

3. The Report and Recommendation of the Magistrate Judge (ECF No. 117) is **APPROVED and ADOPTED** as the Opinion of the Court following a de novo review.

4. This action is terminated.   An amended judgment shall enter.


Dated:   September 6, 2022                         /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE